**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NANCY PETROSKY ) | CIVIL ACTION |
|     Plaintiff ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| CAPTIAL ONE, NATIONAL ASSOCIATION, ) | |
| TRANS UNION LLC, EXPERIAN ) | JURY TRIAL DEMANDED |
| INFORMATION SOLUTIONS, INC., AND ) | |
| EQUIFAX INFORMATION SERVICES LLC ) | |
|     Defendants ) | |
| ) | NOVEMBER 14, 2012 |

## I. INTRODUCTION

1. This is a suit brought by a consumer, Nancy Petrosky, against Defendants Capital One, National Association ("CONA") Trans Union, LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*, and includes pendent state law claims for CONA's violation of the Connecticut Creditors Collection Practices Act ("CCPA"), Conn. Gen. Stat § 36a-645 *et seq*, Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat §42-110a, and for breach of contract.

2. Plaintiff, Nancy Petrosky, is a natural person residing in Torrington, Connecticut. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c), and is a "consumer debtor" as defined by the CCPA, Conn. Gen. Stat § 36a-645(1).

3. Defendant CONA is a National Association with a business address in McLean, VA. CONA is a furnisher of information to consumer reporting agencies as defined by the FCRA, 15 U.S.C. § 1681s-2, and is a "creditor" as defined by the CCPA, Conn. Gen. Stat § 36a-645(2).

4. Defendant Trans Union, LLC ("Trans Union") is a Delaware limited liability company, located in Delaware and is a "consumer reporting agency" as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

5. Defendant Experian Information Solutions, Inc. ("Experian ") is an Ohio corporation, located in California and is a "consumer reporting agency" as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

6. Defendant Equifax is a Georgia corporation located in Atlanta and is a "consumer reporting agency" as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

7. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1367, and Fed. R. Civ. P. 18(a).

8. This Court has jurisdiction over the defendants because they regularly conduct business in this state.

9. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the violations that are the subject of this litigation occurred within this State.

10. On or around September 2007, Plaintiff's daughter purchased a 2003 Saturn L 4 for personal use ("the Vehicle").

11. Plaintiff was listed as a cosigner for the purchase of the Vehicle, and the Retail Installment Sales Contract was subsequently assigned to Capital One Auto Finance ("COAF"), a subsidiary of CONA, resulting in a debt ("the Debt").

12.     Following the purchase of the Vehicle, Plaintiff's daughter, who was not living with Plaintiff at the time, stopped making payments under the Contract and COAF began making efforts to repossess the Vehicle.

13.     On or around September 15, 2010 Plaintiff sued Capital One Auto Finance ("COAF") in connection with its efforts to repossess the vehicle, alleging violations of the Connecticut Retail Installment Sales Finance Act ("RISFA"), CCPA, and Article 9 of the Connecticut Uniform Commercial Code ("UCC"), the Connecticut Unfair Trade Practices Act ("CUTPA") and for trespass.  COAF has since withdrawn its business status in the state of Connecticut.

14.     On or around November 11, 2010, COAF responded to Plaintiff's complaint, and asserted counterclaims for breach of contract, and violation of the duty of good faith and fair dealing.

15.     On or around early January 4, 2012 COAF and Plaintiff, through their respective counsel, agreed to a mutual release of their claims creating a binding and enforceable contract between the parties.  The parties agreed to memorialize the terms of their agreement in a written settlement and release to be prepared by COAF's counsel.

16.     As consideration for the agreement, COAF agreed it would withdraw its counterclaims against Plaintiff, remove her name as a co-signor on the disputed account, that it would stop reporting the account to any consumer reporting agencies, and that it would request deletion of the account trade line to each consumer reporting agency to which it reported information about Plaintiff.

17.     As consideration for the agreement, Plaintiff agreed to withdraw her claims

against COAF for all violations alleged in her Complaint by January 24, 2012, and to execute and deliver the Agreement to COAF's counsel by the same date.

18.    On or around January 20, 2012, Plaintiff withdrew her claims against COAF.

19.    On or around January 23, 2012, COAF withdrew the counterclaims asserted against Plaintiff.

20.    COAF's counsel prepared a Release and Settlement Agreement ("the Agreement"), which Plaintiff executed the on or around March 3, 2012 and forwarded it to COAF's counsel.

21.    Plaintiff fully performed her obligations under the Agreement by withdrawing her claims against COAF.

22.    CONA, as the parent company for COAF, was in privity with COAF and is bound by the agreement that it entered with Plaintiff.

23.    On April 13, 2012, Experian provided a credit report to Plaintiff that reported that Plaintiff owed an alleged debt to CONA that was jointly held with Plaintiff's daughter and that had been charged off.  There was no mention the account being disputed**.**

24.    On April 13, 2012, Trans Union provided a credit report to Plaintiff that reported that Plaintiff owed an alleged debt to CONA that had been charged off.  There was no mention of the account being disputed.

25.    On April 13, 2012, Equifax provided a credit report to Plaintiff that reported that Plaintiff owed an alleged debt to CONA that had been charged off.  There was no mention of the account being disputed.

26. To date, CONA has failed to remove Plaintiff's name as a co-signer for the disputed account, has failed to cease reporting the Debt to Trans Union, Experian and Equifax, and has failed to request deletion of the trade line from Trans Union, Experian and Equifax; thereby breaching its contract with Plaintiff.

27. For its breach of contract, CONA is liable to Plaintiff for her damages.

28. Furthermore, by continuing to negatively report the disputed debt to Equifax, Trans Union and Experian despite its agreement with Plaintiff not to do so, CONA has engaged in abusive, harassing, fraudulent, practices in an attempt to collect the Debt, in violation of the CCPA, and entitling Plaintiff to statutory damages of $1,000, plus actual damages and attorney's fees and costs.

29. The aforementioned actions of CONA also violated CUTPA, in that its' actions were immoral, unethical, oppressive, or unscrupulous, offend public policy as established by the CCPA, the common law, and/or otherwise, and are of a type that cause substantial injury to consumers, especially Plaintiff.

30. As a result of the aforementioned actions of CONA, Plaintiff has suffered ascertainable losses including, but not limited to, further negative credit reporting, denials of new credit and fees incurred to obtain credit reports to verify CONA's non-compliance with the terms of the Agreement.

31. For CONA's violation of CUTPA, Plaintiff is entitled to her damages, punitive damages, plus attorney's fees and costs.

32. Through its aforedescribed conduct, CONA also violated the FCRA. Specifically, despite its knowledge that the Debt was disputed as inaccurate, CONA failed to reasonably investigate, modify and/or delete the disputed information in

violation of FCRA § 1681s-2(b).

33. The aforedescribed conduct of CONA constitutes willful and/or negligent violations of FCRA § 1681s-2(b).

34. As a result of CONA's failure to reasonably investigate, modify and/or delete the disputed information, Plaintiff was denied credit by Torrington Municipal & Teacher's Federal Credit Union on or around July 30, 2012 and when she applied for credit at Alfano Nissan on or around September 30, 2012.

35. For its willful violations of the FCRA, CONA is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

36. For its negligent violations of the FCRA, CONA is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

37. In response to the April 13, 2012 credit reports obtained from Trans Union, Equifax and Experian, on or around May 22, 2012, Plaintiff, through counsel, sent written notification to Trans Union, Experian and Equifax, attaching a copy of the settlement agreement and notifying each that Plaintiff had been released from any obligation on the account and requesting reinvestigation and removal of the negative reporting.

38. On June 18, 2012 Equifax responded to Plaintiff's request for reinvestigation and removal, but failed to remove the disputed Debt and failed to report the account as disputed.

39. Pursuant to FCRA § 1681i, Equifax has a duty to perform a reasonable investigation in response to consumer disputes, such as that which Plaintiff lodged with Equifax.

40. Equifax violated FCRA § 1681i by failing to properly investigate Plaintiff's dispute of the CONA account when requested to do so.

41. Equifax's failure to correct the disputed information and its continued reports to third parties that Plaintiff owed a balance to CONA constitute willful and/or negligent violations of FCRA § 1681i.

42. When preparing a credit report regarding a consumer, Equifax is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

43. As a result of Equifax's failure to comply with the mandates of the FCRA, Plaintiff was denied credit with Torrington Municipal & Teacher's Federal Credit Union and with Alfano Nissan.

44. For its willful violations of the FCRA, Equifax is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

45. For its negligent violations of the FCRA, Equifax is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

46. Experian received Plaintiff's May 22, 2012 letter on or around May 24, 2012.

47. On or around July 13, 2012, Plaintiff obtained an updated copy of her Experian report. That report continued to represent that Plaintiff owed an alleged debt to CONA that had been charged off, and failed to include any indication that the Debt was disputed.

48. Pursuant to FCRA § 1681i, Experian has a duty to perform a reasonable investigation in response to consumer disputes, such as the dispute Plaintiff lodged with Experian.

49. Experian violated FCRA § 1681i by failing to properly investigate Plaintiff's disputes of the CONA account when requested to do so.

50. Experian's failure to correct the disputed information and its continued reports to third parties that Plaintiff owed a balance to CONA constitute willful and/or negligent violations of FCRA § 1681i.

51. When preparing a credit report regarding a consumer, Experian is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

52. As a result of Experian's failure to comply with the mandates of the FCRA, Plaintiff was denied credit with Torrington Municipal & Teacher's Federal Credit Union and Alfano Nissan.

53. For its willful violations of the FCRA, Experian is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

54. For its negligent violations of the FCRA, Experian is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681*o*.

55. On June 8, 2012 Trans Union responded to Plaintiff's request for reinvestigation and removal, but failed to remove the disputed Debt and failed to report the account as disputed.

56. Pursuant to FCRA § 1681i, Trans Union has a duty to perform a reasonable investigation in response to consumer disputes, such as that which Plaintiff lodged with Trans Union.

57. Trans Union violated FCRA § 1681i by failing to properly investigate Plaintiff's disputes of the CONA account when requested to do so.

58. Trans Union's failure to correct the disputed information and its continued reports to third parties that Plaintiff owed a balance to CONA constitute willful and/or negligent violations of FCRA § 1681i.

59. When preparing a credit report regarding a consumer, Trans Union is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

60. As a result of Trans Union's failure to comply with the mandates of the FCRA, Plaintiff was denied credit with Torrington Municipal & Teacher's Federal Credit Union and Alfano Nissan.

61. For its willful violations of the FCRA, Trans Union is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

62. For its negligent violations of the FCRA, Trans Union is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681*o*.

63. Pursuant to FCRA § 1681s-2(b), CONA bears a duty to perform a reasonable investigation in response to consumer disputes, such as those Plaintiff lodged with Trans Union, Equifax and Experian.  CONA knew or should have known,

when they received notice of Plaintiff's dispute of the respective account from Trans Union, Equifax and Experian, that Plaintiff disputed the account because CONA had received notice of Plaintiff's dispute via the letter dated May 22, 2012

64.     CONA violated FCRA § 1681s-2(b) by failing to properly investigate Plaintiff's disputes when requested to do so by Trans Union, Equifax and Experian, and by failing to inform the consumer reporting agencies that Plaintiff disputed the debt in response to the investigation that Plaintiff disputed the account.

65.     CONA's failure to correct the disputed information and its continued reports to the credit reporting agencies stating Plaintiff's debts were past due constitutes willful and/or negligent violations of FCRA § 1681s-2(b).

66.     As a result of CONA's failure to correct the disputed information, Plaintiff was denied credit by Torrington Municipal & Teacher's Federal Credit Union and Alfano Nissan.

67.     For its willful violations of the FCRA, CONA is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

68.     For its negligent violations of the FCRA, CONA is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681*o*.

WHEREFORE, Plaintiff seeks consequential, incidental and compensatory damages for CONA's willful breach of contract; actual and statutory punitive damages pursuant to C.G.S. § 42-110g(a); attorney's fees pursuant to C.G.S. § 42-110g(d); an order from the Court that no debt is owing; monetary damages; statutory damages pursuant to 15 U.S.C. § 1681n and § 1681o; punitive damages pursuant to 15 U.S.C. § 1681n; costs and attorney's fees pursuant to 15 U.S.C. § 1681n; damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681o; statutory damages of up to $1,000 pursuant to Conn. Gen. Stat. § 36a-648; costs and attorney's fees pursuant to Conn. Gen. Stat. § 36a-648; and such other relief as this Court deems appropriate.

**PLAINTIFF, NANCY PETROSKY**

By:  __/s/ Daniel S. Blinn_____
Daniel S. Blinn, Fed Bar No. ct02188
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408 Fax. (860) 571-7457
dblinn@consumerlawgroup.com