UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT (NEW HAVEN)

| | |
|---|---|
| NANCY PETROSKY,<br>          Plaintiff,<br><br>vs.<br><br>CAPITAL ONE, NATIONAL ASSOCIATION;<br>TRANS UNION LLC; EXPERIAN<br>INFORMATION SOLUTIONS, INC.; and<br>EQUIFAX INFORMATION SERVICES, LLC;<br>          Defendants. | CASE NO. 3:12-cv-01621-JCH<br><br><br><br><br><br><br>December 5, 2012 |

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

1.      This is a suit brought by a consumer, Nancy Petrosky, against Defendants Capital One, National Association ("CONA") Trans Union, LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq,* and includes pendent state law claims for CONA's violation of the Connecticut Creditors Collection Practices Act ("CCPA"), Conn. Gen. Stat § 36a-645 *et seq,* Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat §42-110a, and for breach of contract.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

2.      Plaintiff, Nancy Petrosky, is a natural person residing in Torrington, Connecticut. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c), and is a "consumer debtor" as defined by the CCPA, Conn. Gen. Stat § 36a-645(1).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3.      Defendant CONA is a National Association with a business address in McLean, VA.  CONA is a furnisher of information to consumer reporting agencies as defined by the FCRA, 15 U.S.C. § 1681s-2, and is a "creditor" as defined by the CCPA, Conn. Gen. Stat § 36a-645(2).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4.      Defendant Trans Union, LLC ("Trans Union") is a Delaware limited liability company, located in Delaware and is a "consumer reporting agency" as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER**:  Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.  Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

5.      Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation, located in California and is a "consumer reporting agency" as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6. Defendant Equifax is a Georgia corporation located in Atlanta and is a "consumer reporting agency" as that term is defined by the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1367, and Fed. R. Civ. P. 18(a).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

8. This Court has jurisdiction over the defendants because they regularly conduct business in this state.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

9. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the violations that are the subject of this litigation occurred within this State.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

10. On or around September 2007, Plaintiff's daughter purchased a 2003 Saturn L4 for personal use ("the Vehicle").

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11. Plaintiff was listed as a cosigner for the purchase of the Vehicle, and the Retail Installment Sales Contract was subsequently assigned to Capital One Auto Finance ("COAF"), a subsidiary of CONA, resulting in a debt ("the Debt").

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

12. Following the purchase of the Vehicle, Plaintiff's daughter, who was not living with Plaintiff at the time, stopped making payments under the Contract and COAF began making efforts to repossess the Vehicle.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

13. On or around September 15, 2010 Plaintiff sued Capital One Auto Finance ("COAF") in connection with its efforts to repossess the vehicle, alleging violations of the Connecticut Retail Installment Sales Finance Act ("RISFA"), CCPA, and Article 9 of the Connecticut Uniform Commercial Code ("UCC"), the Connecticut Unfair Trade Practices Act ("CUTPA") and for trespass.  COAF has since withdrawn its business status in the state of Connecticut.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

14. On or around November 11, 2010, COAF responded to Plaintiff's complaint, and asserted counterclaims for breach of contract, and violation of the duty of good faith and fair dealing.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15. On or around early January 4, 2012 COAF and Plaintiff, through their respective counsel, agreed to a mutual release of their claims creating a binding and enforceable contract between the parties. The parties agreed to memorialize the terms of their agreement in a written settlement and release to be prepared by COAF's counsel.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

16. As consideration for the agreement, COAF agreed it would withdraw its counterclaims against Plaintiff, remove her name as a co-signor on the disputed account, that it would stop reporting the account to any consumer reporting agencies, and that it would request deletion of the account trade line to each consumer reporting agency to which it reported information about Plaintiff.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17. As consideration for the agreement, Plaintiff agreed to withdraw her claims against COAF for all violations alleged in her Complaint by January 24, 2012, and to execute and deliver the Agreement to COAF's counsel by the same date.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

18. On or around January 20, 2012, Plaintiff withdrew her claims against COAF.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19. On or around January 23, 2012, COAF withdrew the counterclaims asserted against Plaintiff.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

20.     COAF's counsel prepared a Release and Settlement Agreement ("the Agreement"), which Plaintiff executed the [sic] on or around March 3, 2012 and forwarded it to COAF's counsel.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21.     Plaintiff fully performed her obligations under the Agreement by withdrawing her claims against COAF.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22.     CONA, as the parent company for COAF, was in privity with COAF and is bound by the agreement that it entered with Plaintiff.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

23.     On April 13, 2012, Experian provided a credit report to Plaintiff that reported that Plaintiff owed an alleged debt to CONA that was jointly held with Plaintiff's daughter and that had been charged off.  There was no mention the account being disputed.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

24.     On April 13, 2012, Trans Union provided a credit report to Plaintiff that reported that Plaintiff owed an alleged debt to CONA that had been charged off.  There was no mention of the account being disputed.

**ANSWER**:  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

25. On April 13, 2012, Equifax provided a credit report to Plaintiff that reported that Plaintiff owed an alleged debt to CONA that had been charged off.  There was no mention of the account being disputed.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

26. To date, CONA has failed to remove Plaintiff's name as a co-signer for the disputed account, has failed to cease reporting the Debt to Trans Union, Experian and Equifax, and has failed to request deletion of the trade line from Trans Union, Experian and Equifax; thereby breaching its contract with Plaintiff.

**ANSWER**:  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

27. For its breach of contract, CONA is liable to Plaintiff for her damages.

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

28. Furthermore, by continuing to negatively report the disputed debt to Equifax, Trans Union and Experian despite its agreement with Plaintiff not to do so, CONA has engaged

in abusive, harassing, fraudulent, practices in an attempt to collect the Debt, in violation of the CCPA, and entitling Plaintiff to statutory damages of $1,000, plus actual damages and attorney's fees and costs.

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

29. The aforementioned actions of CONA also violated CUTPA, in that its' actions were immoral, unethical, oppressive, or unscrupulous, offend public policy as established by the CCPA, the common law, and/or otherwise, and are of a type that cause substantial injury to consumers, especially Plaintiff.

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

30. As a result of the aforementioned actions of CONA, Plaintiff has suffered ascertainable losses including, but not limited to, further negative credit reporting, denials of new credit and fees incurred to obtain credit reports to verify CONA's non-compliance with the terms of the Agreement.

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

31. For CONA's violation of CUTPA, Plaintiff is entitled to her damages, punitive damages, plus attorney's fees and costs.

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

32. Through its aforedescribed conduct, CONA also violated the FCRA.  Specifically, despite its knowledge that the Debt was disputed as inaccurate, CONA failed to reasonably investigate, modify and/or delete the disputed information in violation of FCRA § 1681s-2(b).

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

33. The aforedescribed conduct of CONA constitutes willful and/or negligent violations of FCRA § 1681s-2(b).

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

34. As a result of CONA's failure to reasonably investigate, modify and/or delete the disputed information, Plaintiff was denied credit by Torrington Municipal & Teacher's Federal Credit Union on or around July 30, 2012 and when she applied for credit at Alfano Nissan on or around September 30, 2012.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

35. For its willful violations of the FCRA, CONA is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

    **ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

    36.    For its negligent violations of the FCRA, CONA is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

    **ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

    37.    In response to the April 13, 2012 credit reports obtained from Trans Union, Equifax and Experian, on or around May 22, 2012, Plaintiff, through counsel, sent written notification to Trans Union, Experian and Equifax, attaching a copy of the settlement agreement and notifying each that Plaintiff had been released from any obligation on the account and requesting reinvestigation and removal of the negative reporting.

    **ANSWER**:  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

    38.    On June 18, 2012 Equifax responded to Plaintiff's request for reinvestigation and removal, but failed to remove the disputed Debt and failed to report the account as disputed.

    **ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

39. Pursuant to FCRA § 1681i, Equifax has a duty to perform a reasonable investigation in response to consumer disputes, such as that which Plaintiff lodged with Equifax.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

40. Equifax violated FCRA § 1681i by failing to properly investigate Plaintiff's dispute of the CONA account when requested to do so.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

41. Equifax's failure to correct the disputed information and its continued reports to third parties that Plaintiff owed a balance to CONA constitute willful and/or negligent violations of FCRA § 1681i.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

42. When preparing a credit report regarding a consumer, Equifax is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

43. As a result of Equifax's failure to comply with the mandates of the FCRA, Plaintiff was denied credit with Torrington Municipal & Teacher's Federal Credit Union and with Alfano Nissan.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

44. For its willful violations of the FCRA, Equifax is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

45. For its negligent violations of the FCRA, Equifax is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

46. Experian received Plaintiff's May 22, 2012 letter on or around May 24, 2012.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

47. On or around July 13, 2012, Plaintiff obtained an updated copy of her Experian report.  That report continued to represent that Plaintiff owed an alleged debt to CONA that had been charged off, and failed to include any indication that the Debt was disputed.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

48. Pursuant to FCRA § 1681i, Experian has a duty to perform a reasonable investigation in response to consumer disputes, such as the dispute Plaintiff lodged with Experian.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

49. Experian violated FCRA § 1681i by failing to properly investigate Plaintiff's disputes of the CONA account when requested to do so.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

50. Experian's failure to correct the disputed information and its continued reports to third parties that Plaintiff owed a balance to CONA constitute willful and/or negligent violations of FCRA § 1681i.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

51. When preparing a credit report regarding a consumer, Experian is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

52. As a result of Experian's failure to comply with the mandates of the FCRA, Plaintiff was denied credit with Torrington Municipal & Teacher's Federal Credit Union and Alfano Nissan.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

53. For its willful violations of the FCRA, Experian is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

54. For its negligent violations of the FCRA, Experian is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

55. On June 8, 2012 Trans Union responded to Plaintiff's request for reinvestigation and removal, but failed to remove the disputed Debt and failed to report the account as disputed.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

56. Pursuant to FCRA § 1681i, Trans Union has a duty to perform a reasonable investigation in response to consumer disputes, such as that which Plaintiff lodged with Trans Union.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

57. Trans Union violated FCRA § 1681i by failing to properly investigate Plaintiff's disputes of the CONA account when requested to do so.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

58. Trans Union's failure to correct the disputed information and its continued reports to third parties that Plaintiff owed a balance to CONA constitute willful and/or negligent violations of FCRA § 1681i.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

59. When preparing a credit report regarding a consumer, Trans Union is also required by § 1681e(b) of the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

60. As a result of Trans Union's failure to comply with the mandates of the FCRA, Plaintiff was denied credit with Torrington Municipal & Teacher's Federal Credit Union and Alfano Nissan.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

61. For its willful violations of the FCRA, Trans Union is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

62. For its negligent violations of the FCRA, Trans Union is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

63. Pursuant to FCRA § 1681s-2(b), CONA bears a duty to perform a reasonable investigation in response to consumer disputes, such as those Plaintiff lodged with Trans Union, Equifax and Experian. CONA knew or should have known, when they received notice of Plaintiff's dispute of the respective account from Trans Union, Equifax and Experian, that

Plaintiff disputed the account because CONA had received notice of Plaintiff's dispute via the letter dated May 22, 2012 [sic]

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

64. CONA violated FCRA § 1681s-2(b) by failing to properly investigate Plaintiff's disputes when requested to do so by Trans Union, Equifax and Experian, and by failing to inform the consumer reporting agencies that Plaintiff disputed the debt in response to the investigation that Plaintiff disputed the account.

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

65. CONA's failure to correct the disputed information and its continued reports to the credit reporting agencies stating Plaintiff's debts were past due constitutes willful and/or negligent violations of FCRA § 1681s-2(b).

**ANSWER**:  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

66. As a result of CONA's failure to correct the disputed information, Plaintiff was denied credit by Torrington Municipal & Teacher's Federal Credit Union and Alfano Nissan.

**ANSWER**:  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

67. For its willful violations of the FCRA, CONA is liable to Plaintiff for actual damages, attorney's fees, costs, and punitive damages pursuant to FCRA § 1681n.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

68.     For its negligent violations of the FCRA, CONA is liable to Plaintiff for actual damages, attorneys' fees, and costs pursuant to FCRA § 1681o.

**ANSWER**: Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, Plaintiff seeks consequential, incidental and compensatory damages for CONA's willful breach of contract; actual and statutory punitive damages pursuant to C.G.S. § 42-110g(a); attorney's fees pursuant to C.G.S. § 42-110g(d); an order from the Court that no debt is owing; monetary damages; statutory damages pursuant to 15 U.S.C. § 1681n and § 1681o; punitive damages pursuant to 15 U.S.C. § 1681n; costs and attorney's fees pursuant to 15 U.S.C. § 1681n; damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681o; statutory damages of up to $1,000 pursuant to Conn. Gen. Stat. § 36a-648; costs and attorney's fees pursuant to Conn. Gen. Stat. § 36a-648; and such other relief as this Court deems appropriate.

**ANSWER**: Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.      Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3. Trans Union's reports concerning Plaintiff were true or substantially true.

4. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7. At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9. Plaintiff has failed to take reasonable steps to mitigate her damages, if any.

10. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13. Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

*/s/ Robert J. Schuckit*
Robert J. Schuckit, Esq.  (07731)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  rschuckit@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **5th day of December, 2012**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| David S. Blinn, Esq. dblinn@consumerlawgroup.com | |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **5th day of December, 2012**, properly addressed as follows:

| None | |
|---|---|

/s/ Robert J. Schuckit
Robert J. Schuckit, Esq. (07731)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  rschuckit@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*